UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, <br><br> Petitioner, <br><br> v. <br><br> GILAD MAOR and TOM MAOR, <br><br> Respondents. | CASE NO. C18-0990 RSM <br><br> ORDER DIRECTING SERVICE BY CLERK |

THIS MATTER comes before the Court on Petitioner's Notice for Service By Clerk. Dkt. #4. On July 3, 2018, Petitioner filed a Petition to Confirm Arbitration Award. Dkt. #1. In its brief in support of its Petition, Petitioner states, "Amazon respectfully submits that upon its filing of the return receipt for delivery to each Respondent and their counsel, all jurisdictional and service requirements will be met, and the Court may proceed with the administration of this matter and confirm the Final Award." Dkt. #2 at 5. Petitioner now requests that the Clerk of this Court serve Respondents pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). Dkt. #4.

Federal Rule of Civil Procedure 4(f)(2)(C)(ii) provides:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

ORDER
PAGE - 1

Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

. . .

    (C) unless prohibited by the foreign country's law, by:
    . . .

        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; .
        . . .

Fed. R. Civ. Proc. 4(f)(2)(C)(ii).

As Petitioner has explained, Israel is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965 (the "Hague Convention"). Dkt. #2 at 4. The Hague Convention permits judicial documents to be sent via mail. Hague Convention, Article 10(a). Further, according to the Hague Conference on Private International Law, of which both Israel and the United States are members, Israel has not objected to service by mail. *See TABLE REFLECTING APPLICABILITY OF ARTICLES 8(2), 10(A)(B) AND (C) AND 16(3) OF THE HAGUE SERVICE CONVENTION*, Hague Conference on Private International Law (June 2017), https://www.hcch.net/en/publications-and-studies/details4/?pid=4074&dtid=2.

Accordingly, the Court, having reviewed Petitioner's motion, hereby DIRECTS THE CLERK TO SERVE DEFENDANTS AND THEIR COUNSEL by **international registered mail**, which requires a return receipt, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

///

///

///

DATED this 1st day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3